NIEMEYER, Circuit Judge,
specially concurring:
I concur in the judgment, but write separately because I would affirm the district court’s award of $30,225.66 in actual damages *337 to Maddux Supply Company on grounds different than those relied upon by the majority in Part IIA of its opinion.
Maddux Supply was a standing supplier to Chapman Electric Company, providing Chapman Electric materials for several jobs. During the period in question, Chapman Electric had an open account with Maddux Supply. When Chapman Electric made a payment to Maddux Supply on account, Chapman Electric usually instructed Maddux Supply how to apply the payment, and Maddux Supply invariably followed Chapman Electric’s instructions. When Maddux Supply received no instructions, it applied payments to the oldest items in accordance with the parties’ standing contractual arrangement.
The record in this case shows that Maddux Supply neither knew nor had reason to know the source of any money with which Chapman Electric made payments on its account, and, therefore, that Maddux Supply had no independent basis to assign payments to any particular job. Although Chapman Electric received money from Hill Construction Company, the general contractor for the Air Force project involved in this case, Chapman Electric never advised Maddux Supply that any of its money came from Hill Construction or directed that its money pay for materials used in the Air Force project. Unless Maddux Supply knew or had notice that Hill Construction was the source of Chapman Electric’s payments, Maddux Supply was entitled — indeed, contractually obligated — to apply Chapman Electric’s payments in the manner that it did. See United States ex rel. Crane Co. v. Johnson, Smathers & Rollins, 67 F.2d 121, 123 (4th Cir.1933); see also United States ex rel. Hyland Elec. Supply Co. v. Franchi Bros. Constr. Corp., 378 F.2d 134, 139 (2d Cir.1967); Consolidated Elec. Co. v. United States ex rel. Gough Indus., Inc., 355 F.2d 437, 439-41 (9th Cir.1966); St. Paul Fire & Marine Ins. Co. v. United States ex rel. Dakota Elec. Supply Co., 309 F.2d 22, 30 (8th Cir.1962), cert. denied, 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767 (1963); United States ex rel. Carroll v. Beck, 151 F.2d 964, 966 (6th Cir.1945); R.P. Farnsworth & Co. v. Electrical Supply Co., 112 F.2d 150, 153 (5th Cir.), cert. denied, 311 U.S. 700, 61 S.Ct. 139, 85 L.Ed. 454 (1940); Maddux Supply Co. v. Safhi, Inc., 450 S.E.2d 101, 103 (S.C.Ct.App.1994).
In these circumstances, I believe it immaterial that Chapman Electric’s account with Maddux Supply had an open balance of $12,-892 on April 1, 1991, and that Maddux Supply began supplying materials to Chapman Electric for the Air Force project in January 1991. The facts remain that Maddux Supply properly applied Chapman Electric’s payments and that Chapman Electric’s account with Maddux Supply in the amount of $30,-226 has not been paid. Because the $30,226 was due for materials used on the Air Force project, the Miller Act gives Maddux Supply a claim against Hill Construction and its surety, St. Paul Fire and Marine Insurance Company, for that amount. See Miller Equip. Co. v. Colonial Steel and Iron Co., 383 F.2d 669, 674 (4th Cir.1967), cert. denied, 390 U.S. 955, 88 S.Ct. 1049, 19 L.Ed.2d 1148 (1968).
Accordingly, I specially concur.